IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ronald Christopher Sanders, ) | Civil Action No. 4:12-1836-TLW |
| ) | Cr. No. 4:08-621 |
| Petitioner, ) | |
| vs. ) | ORDER |
| The United States of America, ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Ronald Christopher Sanders (hereinafter "Petitioner" or "Defendant").

On June 24, 2008, a federal grand jury returned an Indictment against Petitioner charging him with being a felon in possession of a firearm and ammunition in violation of Title 18 U.S.C. Sections 922(g)(1), 924(a)(2), and 924(e). On November 3, 2008, Petitioner pled guilty to the felon in possession of a firearm and ammunition charge and was sentenced as an armed career criminal on January 22, 2009 to 180 months imprisonment. The judgment was entered on February 11, 2009. The Fourth Circuit affirmed Petitioner's conviction and sentence on August 13, 2009 and the mandate was entered on September 4, 2009.

Thereafter, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 on or about July 2, 2012, over two and a half years after his conviction became final.[1] On July 6, 2012, the Government filed a motion to dismiss and/or motion for summary judgment and

---

[1] It does not appear that Petitioner filed a Petition for Re-hearing or a Petition for Certiorari.

supporting memorandum in opposition to Petitioner's petition. (Doc. # 64 & 65). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed July 13, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 66). Petitioner filed a response on July 31, 2012.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has moved to dismiss Petitioner's motion. (Doc. # 65). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In the alternative, the Government has moved for summary judgment. In examining a motion

3

for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner asserts a single ground for relief in his Petition and supporting memorandum set forth as follows:

1. Prior Drug Offense should not have counted to enhance. In light of Simmons my August 27, 2003 conviction case # 03-GS-13-915 and 03-GS 13-914 in Chesterfield County, South Carolina should not have been counted to enhance him to an Arm [sic]

4

Career Criminal. My sentence was for only 10 months.

Petitioner has filed a 28 U.S.C. § 2255 motion requesting that his sentence be vacated, set aside, or corrected and that he be re-sentenced in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Government opposes Petitioner's request for resentencing.

The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Again, Judgment in Petitioner's case was entered on February 11, 2009. The Fourth Circuit affirmed Petitioner's conviction and sentence on August 13, 2009 and the mandate was entered on September 4, 2009. Petitioner's conviction became final over two and one half years before he filed the current § 2255 motion-when the time for filing a writ of certiorari (90 days) expired. See Clay v. United States, 537 U.S. 522, 525 (2003)("[f]or the purpose of starting the clock on § 2255's one-year limitation period... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Under Sup. Ct. R. 13(1) and (3), a petition for a writ of certiorari must be filed within 90 days after the entry of judgement by the court of appeals, unless a petition for rehearing is timely filed, in which case the time runs from the denial of that petition, or if rehearing is granted, the subsequent entry of judgment. See also United States v. Hernandez, 436 F.3d 851, 856 (8th Cir.2006) (criminal

defendant's conviction did not become "final" for the purposes of a section 2255 petition until ninety days after the court of appeal issued its ruling on direct appeal). In this case, the Fourth Circuit affirmed Petitioner's conviction and sentence on August 13, 2009, and the judgement was entered on that same date. (Docs. # 57, 58). Because Petitioner did not file a petition for rehearing or for writ of certiorari, his conviction became final ninety days later, on or about Wednesday, November 11, 2009. Petitioner had one year, specifically until November 11, 2010, in which to file his § 2255 Motion. However, Petitioner did not file his Motion until July 2, 2012, over two and one half years after his judgment became final and approximately 1 and one half years after the one year statute of limitations under 28 U.S.C. § 2255(f)(1) expired. Thus, his § 2255 Motion is untimely under § 2255(f)(1).

Petitioner contends that his motion is timely under 28 U.S.C. § 2255(f)(3) because it provides a one year statute of limitations for newly recognized rights by the United States Supreme Court. However, Section 2255(f)(3) does not alleviate Petitioner's timeliness issues because Petitioner filed his motion more than one year after the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Although Petitioner cites to the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), the Fourth Circuit's decision merely applied the rule announced in Carachuri-Holder from 2010. The Supreme Court issued its decision in Carachuri-Holder on June 14, 2010. Thus, because Petitioner did not file the current motion until July of 2012, the one year time period provided for in 2255(f)(3) had expired. Additionally, the Court notes that the Carachuri-Rosendo decision has not been made retroactively applicable to cases on collateral attack. See 28 U.S.C. § 2255(f)(3). In fact, the Fourth Circuit has specifically addressed the retroactivity of Carachuri-Rosendo in its recent decision of United States Powell where the Court held as follows:

Because the Supreme Court's decision in <u>Carachuri</u> at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.

<u>United States v. Powell</u>, ___ F.3d ___, 2012 WL 3553630 (4th Cir. 2012).

After careful review and consideration, this Court concludes that Petitioner's motion should be dismissed as untimely under the relevant case law.[2]

Even if this Court were to find Petitioner's motion to be timely, it would still be subject to dismissal. Petitioner's sole issue for vacating his sentence is that under the <u>Simmons</u> decision, the armed career criminal designation no longer applies to him. In <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011)(en banc), the Fourth Circuit held that when assessing whether prior North Carolina convictions constitute predicate offenses courts must look only to the statutory minimum and maximum sentence found by the North Carolina state court for the particular defendant. The <u>Simmons</u> decision expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005). All of Petitioner's prior convictions are from South Carolina so <u>United States v. Simmons</u> does not apply to his case.

Petitioner was sentenced to 180 months imprisonment as an armed career criminal based on three prior South Carolina convictions. Petitioner was convicted of assault and battery of a high and aggravated nature, and was convicted twice for distributing of powder cocaine. Petitioner's designation as an armed career criminal subjected him to an increased mandatory minimum sentence.

---

[2] The Court does not find that either of the other potential triggering dates set forth in Section 2255(f) apply to this case. Petitioner does not even allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period. Neither does he allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Specifically, Petitioner objects to his 2003 conviction for distributing powder cocaine being used to enhance him to an Armed Career Criminal. Petitioner received a sentence of five years suspended to ten months and two years probation. Petitioner's actual imposed sentence did not exceed a year, but the crime he committed was punishable by more than one year of imprisonment. This is demonstrated by the pronounced sentence of five years suspended to the ten month sentence. Thus, this conviction was properly used as a predicate offense for armed career criminal purposes.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 60) and the Government's motion to dismiss and/or for summary judgment is **GRANTED** (Doc. # 65). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

September 26, 2012
Florence, SC